UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>      Plaintiff,<br><br>v.<br><br>Diane Cash et al,<br><br>      Defendants, | Civil No. 11-CV-3612 (MJD/LIB)<br><br>**REPORT AND RECOMMENDATION** |

This matter came before the undersigned United States Magistrate Judge upon Defendant David Thomas's Rule 12(b)(6) Motion to Dismiss. The motion has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons outlined below, the Court recommends that Defendant's motion be denied.

**I.     BACKGROUND**

In this action, the United States of America (Plaintiff) seeks to reduce to judgment the assessment of tax liabilities against Defendants Diane Cash and David Thomas. Plaintiff alleges that Defendants "Cash and Thomas are each indebted to the United States for unpaid trust fund recovery penalties (TFRP) because they were responsible persons who willfully failed to collect, account for, or pay the income taxes and federal employment taxes withheld from employees of Izatys Group during the fourth quarter of 2007." (Compl. [Docket No. 1] ¶ 8). A delegate of the Secretary of the Treasury made an assessment, on or about April 29, 2011, of $29,375.32 against Cash and, on or about January 3, 2011, of $29,375.32 against Thomas. (Id. ¶¶ 12-13).

1

As provided by Plaintiff, Izatys Group "operated a hotel, golf course, and marina on Lake Mille Lacs in Minnesota."  (U.S.'s Resp. in Opp'n [Docket No. 9] at 2).  Prior to filing bankruptcy in 2007, Izatys Group was a limited liability company under the laws of Minnesota, with its principal place of business in Onamia, Minnesota.  (Id.)  Plaintiff asserts that "Izatys Group failed to pay over the income taxes and federal employment taxes withheld from its employees for the fourth quarter of 2007 and that the IRS assessed both Thomas and his former business associate, Defendant Diane Cash, with a TFRP for this period."  (Id.)

On July 1, 2011, Thomas paid $50 towards the amount due under his assessment, and on August 19, 2011, the IRS applied a credit of $3,844.42 toward the assessment after a levy on Thomas's property.  (Compl. ¶ 16).  Subsequently, on October 6, 2011, Defendant Thomas filed a complaint in the U.S. District Court for the Western District of Wisconsin seeking a refund of the money paid to the assessment.  (See David Thomas v. United States, No. 3:11-cv-00682-wmc (W.D. Wis. 2011)).  On January 10, 2012, the United States of America filed a motion in the Western District of Wisconsin to stay the proceedings in Wisconsin.  (Id. [Docket No. 11]).  On February 10, 2012, the Honorable William M. Conley denied the motion to stay and issued an order to show cause why "the court should not enjoin [the government] from pursuing the collection action now pending against Thomas in the District of Minnesota pursuant to 26 U.S.C. § 6331(i)."  (Id. [Docket No. 17]).  Judge Conley has not yet issued an order regarding whether he will enjoin the government from pursuing the collection action against Thomas before this Court.

Meanwhile, on December 15, 2011, Plaintiff filed the present action in this Court.  (See Docket No. 1]).  Plaintiff provides that it filed the present action in this District because it could not "join Cash as a third-party defendant in [the Wisconsin] action because Cash is a resident of

Minnesota and the events and actions which gave rise to her assessment of the TFRP took place in Minnesota." (U.S.'s Resp. in Opp'n at 2).

## II.   DEFENDANT'S MOTION TO DISMISS

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted.  On a motion to dismiss, the Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant."  Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004).  Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This requires a Plaintiff to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted).  Plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level."  Id.  Courts must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" her claims against each defendant "across the line from conceivable to plausible."  Iqbal, 556 U.S. at 679-80 (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." Farnham St. Fin., Inc. v. Pump Media, Inc., No. 09-233 (MJD/FLN), 2009 WL 4672668, at *3 (D. Minn. Dec. 8, 2009) (citing Iqbal, 129 S. Ct. at 1949).

Facts pled which "give the defendant fair notice of what the claim is and the grounds upon which it rests" meet the 12(b)(6) standard. Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). When analyzing a complaint on a 12(b)(6) motion to dismiss, courts should read the complaint "as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-64.

### B. Dismissal is inappropriate because the complaint states a claim upon which relief may be granted

In his initial written submission in support of the motion to dismiss, Defendant focused on the argument that the government's actions were an improper attempt to move the action from the proper venue in Wisconsin, rather than explicitly arguing that the complaint failed to state a claim. (Mem. in Supp. of Mot [Docket No. 5] at 5). In his reply, after the government acknowledged 26 U.S.C. § 6331(i)(4) in a footnote in its response, Defendant Thomas's counsel provided that he was not aware of that section when he filed the motion, but nevertheless, argued in Defendant's reply that the proceeding against Thomas in this Court should be stayed pursuant to § 6331(i)(4).

The Court first addresses Defendant's argument that the claims against Defendant Thomas should be stayed pursuant to § 6331(i)(4). As the statute itself provides, the relief

available under § 6331(i)(4) is properly brought before a court in which the taxpayer has filed a refund action.  26 U.S.C. § 6331(i)(4)(B) ("a levy or collection proceeding prohibited by this subsection may be enjoined (during the period such prohibition is in force) **by the court in which the proceeding under paragraph (1) is brought**." (emphasis added)).  The Court is aware of the authority discussing whether the United States may be enjoined, pursuant to § 6331(i)(4) from bringing a collection action in a district different from the one in which the taxpayer has filed a refund action; however, Thomas has not presented any authority for why **this** Court can bar the litigation pursuant to § 6331.  Indeed, all of the cases cited by the parties involved circumstances applying § 6331(i)(4) in which the stay request was submitted before the court where the refund action was filed.  Furthermore, in this case, the issue of a § 6331(i)(4) stay has already been raised by Judge Conley in the Western District of Wisconsin, and the parties have submitted their arguments on it before Judge Conley.  If Judge Conley ultimately enjoins the proceeding under § 6331 with respect to Defendant Thomas in this Court, it will certainly have an impact on this case.  However, it is not the purview of this Court to speculate on Judge Conley's pending decision.  At the hearing on Defendant's motion to dismiss, Plaintiff acknowledged that if Judge Conley issued an order enjoining the United States from proceeding against Defendant Thomas in this Court, the United States would voluntarily dismiss Thomas as a defendant from this action.  For these reasons, the Court declines to apply 26 U.S.C. § 6331(i)(4) to stay the proceedings against Thomas in this Court—the parties have already submitted the issue in the Western District of Wisconsin, as was they were required to do under the statute.

     Next, the Court addresses Defendant's initial argument, in his motion to dismiss, that Plaintiff fails to state a claim against Defendant Thomas.  Defendant Thomas relies on <u>United</u>

States v. Thomas, 2009 WL 792571, at *1-2 (S.D. Ill. Mar. 24, 2009), in which the court dismissed the complaint seeking a determination that the assessment was correct and a judgment on a TFRP assessment because the United States merely sought to "affirm a tax assessment against [the party] that is presumed correct and has been paid in full." In this case, the full amount of the assessment has not yet been paid, and thus, Thomas is inapposite.[1]

Plaintiff alleges that Defendants Cash and Thomas are indebted to the United States and that the Secretary of the Treasury has made an assessment against each of them and has given them notice of the assessment as well as made a demand for payment. As the Eighth Circuit explained in Caleshu v. United States, 570 F.2d 711, 713 (8th Cir. 1978): "[i]f a taxpayer neglects or refuses to pay any tax, the Secretary of the Treasury may authorize the Attorney General to initiate a collection action to reduce the assessment to judgment under 26 U.S.C. §§ 7401 and 7402(a)." Having assessed a tax liability, Plaintiff is permitted to seek to reduce the assessment to a judgment. See United States v. Bierbrauer, 1987 WL 12809, at *1 (D. Minn. Mar. 19, 1987) (awarding a judgment in a lawsuit "brought by the United States against [the defendant] to reduce to judgment an assessment made against [the defendant] in the amount of $14,526.33 plus statutory additions pursuant to 26 U.S.C. Section 6672"); see also United States v. Kim, 111 F.3d 1351, 1357 (7th Cir. 1997) ("[w]hen seeking to recover unpaid withholding taxes from individuals, the IRS initially determines that the individual was a responsible person and that the individual willfully failed to pay over the taxes, and makes an assessment for each quarter in which the IRS has determined that individual to be both responsible and willful. The

---

[1] Defendant Thomas also argued that the United States' procedure of bringing an action against him in this District is "contrary to the well established procedure in TFRP litigation." (Mem. in Supp. of Mot [Docket No. 5] at 3). This argument, however, does not address the issue of whether Plaintiff has stated a claim under Fed. R. Civ. P. 12(b)(6) and is more appropriately directed towards the argument that transfer is appropriate. Furthermore, contrary to Defendant Thomas's argument that Plaintiff has no claim because it is merely seeking a judicial pronouncement that its assessment is correct, Plaintiff's Complaint provides that Plaintiff is seeking to reduce the assessment to judgment, not merely an affirmation of its correctness.

IRS then commences, as it did here, an action to reduce the assessment to judgment, and the individual against whom the assessment has been made bears the burden of proving his lack of responsibility and/or willfulness for the given tax quarters.").

For the reasons stated above, the Court finds that Plaintiff has stated a claim for relief against Defendant Thomas and dismissal under Fed. R. Civ. P. 12(b)(6) is inappropriate.

### III.     DEFENDANT'S MOTION TO SEVER THE CLAIMS AGAINST DEFENDANT THOMAS AND TRANSFER VENUE

#### A. Standard of Review

28 U.S.C. § 1404(a) states that "for the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Courts consider three factors when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice.  Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).

Transfer motions "should not be freely granted."  In Re Nine Mile Ltd., 692 F.2d 56, 61 (8th Cir. 1982), overruled on other grounds, Missouri Housing Dev. Comm'n v. Brice, 919 F.2d 1306, 1310-11 (8th Cir. 1990); Travel Tags, Inc. v. Performance Printing Corp., 636 F. Supp.2d 833, 836 (D. Minn. 2007).  "[I]n general, federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted."  Terra Int'l, Inc., 119 F.3d at 695.  The movant faces a "heavy burden" to demonstrate why a motion to transfer venue should be granted.  Radisson Hotels Int'l, Inc. v. Westin Hotel Co., 931 F. Supp. 638, 641 (D. Minn. 1996).  The movant must show that "the balance of factors **strongly** favors" transfer.  Id. (internal

7

quotation marks omitted) (emphasis in original).  Moreover, § 1404(a) "provides for transfer to a **more** convenient forum, not simply one that is equally convenient to the one originally selected." Eagle's Flight of Am., Inc. v. Play N Trade Franchise, Inc., No. 10-1208 (RHK/JSM), 2011 WL 31726, at *4 (D. Minn. 2011) (emphasis in original).

### B. Discussion

Defendant argues that, pursuant to 28 U.S.C. § 1404(a) and Federal Rule of Civil Procedure 21, the Court should sever his claims from those against Defendant Cash and transfer the claims against him to the Western District of Wisconsin.  (Mem. in Supp. of Mot [Docket No. 5] at 5).  In support of his argument, Defendant did not specifically argue that the three factors show that a transfer is proper, but instead, Defendant argued that the action in the Western District of Wisconsin involved the same issues as those that will be decided by this Court with respect to Thomas and the action in the Western District of Wisconsin was filed first.[2]

Plaintiff asserts that transfer is inappropriate because the acts and events which gave rise to the assessments against Defendants occurred in Minnesota.  (United States' Resp. in Opp'n [Docket No. 9] at 9).  The company at issue was formed under Minnesota law, and its principal place of business is in Onamia, Minnesota.  (Id.)  Furthermore, Plaintiff asserts, "[t]he witnesses related to a determination of the TFRP liability all reside in Minnesota, and documents related to this case are located in Minnesota."  (Id.)  Plaintiff also argues that denying the transfer serves the interests of justice because it will avoid piecemeal litigation and conserve judicial resources. (Id.)

---

[2] The first-filed argument turns essentially on the related question of whether the proceeding should be stayed pursuant to 26 U.S.C. § 6331 because the refund action was filed first, which the Court has already discussed.  And were the Court to hold that the first-filed rule, in and of itself, bars the United States from bringing a subsequent collection action, it would seem to contravene the Eighth Circuit's holding in Caleshu.  See 570 F.2d at 714 ("To require a collection action to be asserted as a compulsory counterclaim in a refund suit, as appellee urges here, would drastically reduce the government's collection time period.").  Thus, the court is mindful that the refund action was filed first, and considers it in the interests of justice factor, but declines to hold that it alone provides a basis to transfer the action, particularly in light of 26 U.S.C. § 6331.

The Court finds Plaintiff's argument regarding piecemeal litigation unpersuasive because even if the Court denies the transfer, unless Judge Conley upon reconsideration stays the proceeding in Western Wisconsin, inevitably the liability for the same assessment will be presented in two different forums.  Similarly, even if the Court grants the transfer against Defendant Thomas's claims, the claims for Defendant Cash's related assessment will still be litigated in this forum.  And as the Plaintiff acknowledged, when looking at multiple individuals for a 26 U.S.C. § 6672 assessment, the core issues remain the same.  See Ringer v. United States, 153 F.R.D. 594, 595 n.2 (N.D. Tex. 1993) (explaining that the "IRS is allowed to make identical assessments against multiple parties under § 6672" and that "[r]esponsible persons are held jointly and severally liable for a § 6672 violation.").  Thus, the Court finds that the interests of justice factor does not heavily weigh in favor of either granting or denying the transfer of the claim against Defendant Thomas.

The other two factors—convenience of the parties and witnesses—however, do strongly weigh in favor of denying the transfer.  The company at issue was formed under the laws of Minnesota and was located in Minnesota.  Based on the parties' representations at the hearing, most of the witnesses, with the exception of Defendant Thomas, reside in Minnesota.  As represented by Plaintiff's counsel, the discovery conducted in the Western District of Wisconsin action thus far reveals that Mr. Thomas intends to rely on seven witnesses from Minnesota and only one from Wisconsin.  At the hearing, Defendant Cash's counsel also provided that the parties and witnesses are centered in Minnesota.  The Court finds that Defendant Thomas has failed to satisfy his burden of demonstrating that a transfer is warranted.

For the reasons stated above, the Court finds that the claims against Defendant Thomas at this time should not be severed and should not be transferred to the Western District of Wisconsin.

IV. **CONCLUSION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1) Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative to sever and transfer the claims against Defendant Thomas [Docket No. 3] be **DENIED** as more fully described above.

Dated: July 31, 2012                                       s/Leo I. Brisbois
                                                           LEO I. BRISBOIS
                                                           United States Magistrate Judge

**N O T I C E**
Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by August 14, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.